FILED
APR 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Public Employees for
Environmental Responsibility
2000 P Street, NW, Suite 240,
Washington, D.C. 20036

    Plaintiff;

v.

The United States Department of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

    Defendant.

CASE NUMBER 1:06CV00660

JUDGE: John D. Bates

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 04/11/2006

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel production of documents that have been legally requested, are not subject to any legitimate exception and are being unlawfully withheld by the United States Department of Defense (DOD), Army Corps of Engineers (USACE).

1

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and FOIA, 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff Public Employees for Environmental Responsibility (PEER) is a non-profit organization in the District of Columbia chartered to hold government agencies accountable for enforcing environmental laws, maintaining scientific integrity, and upholding professional ethics in the workplace. PEER has thousands of employee and citizen members nationwide, including employees in many federal agencies. PEER also provides legal representation to current and former public employees of the DOD.

4. The USACE is a part of the DOD, an agency of the United States. The DOD has possession and control of the records the Plaintiff seeks.

COUNT I
VIOLATION OF FOIA
April 19, 2004 REQUEST

5. By letter dated April 19, 2004, PEER submitted a FOIA request to:

Ms. Linda Selinger, FOIA Officer USACE, U.S. Humphreys Engineering Center, ATTN: CEHEC-OC, 7701 Telegraph Road, Alexandria, VA 22315-3860.

6. PEER's April 19, 2004 FOIA, requested data for enforcement actions taken pursuant to Section 404 of the Clean Water Act (CWA). Specifically, PEER requested: (1) quarterly reports of evaluation and enforcement data for 2003 and (2) yearly reports of evaluation data and enforcement data for 2003.

7. In a letter dated June 7, 2004, Richard L. Frenette, Counsel, USACE, acknowledged receipt of PEER's FOIA request.

8. PEER made many attempts to follow up with Ms. Selinger regarding this FOIA request in order to ascertain a date by which PEER could expect to have a response from the DOD. Unfortunately, PEER was never provided with such a date or a FOIA response.

9. In a letter dated June 30, 2004, PEER notified the DOD that this failure to respond to the FOIA request was considered a constructive denial, which PEER appealed.

10. The DOD has far exceeded the statutory time period for reaching a determination on PEER's April 19, 2004 FOIA request.

11. As of the date of the filing of this Complaint, the DOD has made no further acknowledgement or response to PEER's April 19, 2004 FOIA request or PEER's June 30, 2004 FOIA appeal.

3

12. PEER has a statutory right to the records sought in its April 19, 2004 FOIA request, and there is no legal basis for the failure of DOD, to make a determination on PEER's FOIA request and appeal and/or provide the requested records. In fact, the DOD has never denied PEER'S FOIA request for this same exact enforcement data in the past. Specifically, The DOD has previously granted PEER's FOIA requests for this exact data relevant to years 1999 through 2002.

## COUNT II
## VIOLATION OF FOIA
## May 25, 2005 REQUEST

13. By letter dated May 25, 2005, PEER submitted a FOIA request to: Ms. Linda Selinger, FOIA Officer USACE, U.S. Humphreys Engineering Center, ATTN: CEHEC-OC, 7701 Telegraph Road, Alexandria, VA 22315-3860.

14. PEER's May 25, 2005 FOIA request was again for enforcement action data taken pursuant to Section 404 of the CWA. Specifically, PEER requested: (1) quarterly reports of evaluation and enforcement data for 2004 and (2) yearly reports of evaluation data and enforcement data for 2004.

15. In a letter dated June 1, 2005, Richard L. Frenette, Counsel, USACE, acknowledged receipt of PEER's FOIA request. However, no further acknowledgment or response has been provided by the DOD.

4

16. PEER notified the DOD, in a letter dated August 31, 2005 that this failure to respond to the FOIA request was considered a constructive denial, which PEER appealed.

17. The DOD has far exceeded the statutory time period for reaching a determination on PEER's May 25, 2005 FOIA request.

18. As of the date of the filing of this Complaint, the DOD has made no further acknowledgement or response to PEER's May 25, 2005 FOIA request or PEER's August 31, 2005 FOIA appeal.

19. PEER has a statutory right to the records sought in its May 25, 2005 FOIA request, and there is no legal basis for the failure of DOD, to make a determination on PEER's FOIA request and appeal and/or provide the requested records. As previously stated, the DOD has granted PEER's FOIA request for the same exact enforcement action data relevant to different years in the past. Specifically, prior to DOD's failure to provide these enforcement documents for 2003 and 2004, the DOD provided these documents to PEER without question.

RELIEF REQUESTED

20. WHEREFORE, Plaintiff PEER prays that this Court:

(a) Declare that the Defendant violated FOIA by withholding the requested records; (b) Order the Defendant to immediately make the requested records

available to the Plaintiff; (c) Award Plaintiff PEER all costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and (d) Order such other relief as the Court may deem just and appropriate.

Respectfully submitted,

_____
Richard E. Condit, DC Bar No. 417786
General Counsel
Public Employees for
Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337


Dated:      April 11, 2006